IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DETRA KATRINE GARDNER, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:20-cv-3112-G-BN |
| MARION MAYS, ET AL., | § § | |
| Defendants. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Detra Katrine Gardner, paying the $400 filing fee, brings this *pro se* action against various individuals, most of whom Gardner identifies as her relatives. *See* Dkt. No. 3 at 4-5.

In her complaint, Gardner does not cite a federal statute but does assert that "[t]his civil action is presented due to the civil rights of [Gardener], by the listed defendants and other participants who will not be identified because of the covert operation of the United States military and others and their intent to defraud the Veterans Administration." *Id.* at 1 (emphases omitted); *see also id.* (further providing that "the White House Veterans Hotline is in receipt of this complaint" and alleging "intent to wrongfully commit plaintiff to mental institution, intent to deed property guaranteed by VA mortgage to non-veteran without justification, intent to remove the ability to gain access to residence and gave away plaintiff['s] personal items with the intent to never let plaintiff return to residence by committing plaintiff to mental institution, intent to continuously harass whistleblower for reporting violation of

HIPAA rights of firefighter cand [sic] for DFW Airport by performing gangstalking acts, a covert operations not known to President Donald Trump, abuse of legal computer progr" (emphases omitted)).

Senior United States District Judge A. Joe Fish referred Gardner's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After reviewing Gardner's complaint, the undersigned questioned whether there is subject matter jurisdiction but allowed Gardner an opportunity to address the concerns outlined in the October 15, 2020 order by filing, no later than November 16, 2020, a written response to show the Court that it has subject matter jurisdiction over her lawsuit. *See* Dkt. No. 7.

Granting Gardner's request, the Court extended that deadline to November 19, 2020. *See* Dkt. Nos. 9 & 10. The Court next extended the deadline to December 3, 2020. *See* Dkt. No. 13. Then, on December 30, 2020, Gardner moved to again extend the deadline, for an unspecified period. *See* Dkt. No. 16. And the Court again extended her deadline to respond to the October 15 show cause order, to February 1, 2021. *See* Dkt. No. 17.

Gardner finally responded to the October 15, 2020 order on February 18, 2021. *See* Dkt. No. 18. But neither her response nor Gardner's two motions for leave to amend, *see* Dkt. Nos. 14 & 15, among other filings, show that there is subject matter jurisdiction over this case. The undersigned therefore enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the

Court should dismiss this action for lack of subject matter jurisdiction.

## Legal Standards and Analysis

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Gardner chose to file her lawsuit in federal court, so it is her burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are

insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). And, if she does not, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

I.  <u>Gardner has not established diversity jurisdiction.</u>

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "For diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and

(2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citations omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))).

"The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). Accordingly, the United States Court of Appeals for the Fifth Circuit "has stated that a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

It does not appear that Gardner intends to base the Court's jurisdiction on diversity. Nor can she, as she has sued many defendants that she identifies as residing in Texas, the same state in which she resides. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (per curiam) ("Evidence of a person's place of residence … is prima facie proof of his domicile." (citations omitted)); *Stine*, 213 F.2d at 448 ("Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile."). She has therefore not established complete diversity of citizenship and thus affirmatively and distinctly alleged diversity jurisdiction.

II.    <u>Gardner has not established federal question jurisdiction.</u>

Turning to Section 1331, federal question jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))). "[T]his 'creation' test … accounts for the vast bulk of suits under federal law." *Gunn*, 568 U.S. at 257 (citation omitted).

First, insofar as Gardner asserts that various individuals have violated her civil rights, she has failed to allege that any defendant did so under "color of state law." And where a plaintiff "does not allege facts demonstrating that [a defendant] acted under color of state law," she also fails "to plead and establish subject-matter jurisdiction based on the existence of a federal question." *E.g.*, *Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) (per curiam) ("The complaint contains no allegation that Mitchell and Clinkscales are citizens of different states; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of complete diversity. Additionally, although Mitchell argues that Clinkscales is liable under 42 U.S.C. § 1983, Mitchell does not allege facts demonstrating that Clinkscales acted under color of state law; thus, Mitchell failed to plead and establish subject-

matter jurisdiction based on the existence of a federal question. [And t]he district court was required to dismiss the complaint." (citations omitted)).

Next, in addition to citing no federal law, the factual allegations that Gardner does allege seem to support state law claims related to real property or insurance. And that Gardner alleges that she is a veteran, has life insurance (or receives other benefits) related to her service, or has a home loan secured because of her service does not raise a question of federal law.

"But even where a claim finds its origins in state rather than federal law," the United States Supreme Court has "identified a 'special and small category' of cases in which arising under jurisdiction still lies." *Gunn*, 568 U.S. at 258 (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). In those cases,

> federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, ... jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

*Id.* (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005)).

Gardner's conclusory references to the Veterans Administration do not themselves establish arising under jurisdiction or convert otherwise state law claims against private individuals into claims arising under federal law. *See, e.g.*, *Kalick v. United States*, 35 F. Supp. 3d 639, 649 (D.N.J. 2014) ("Plaintiff does not seek a determination of his VA education benefits, and he has dropped the federal

defendants. Because Plaintiff's allegations regarding the tuition payments made by the VA to Rowan are vague and contradictory, and no benefits are sought from the VA herein, the Court cannot conclude that Plaintiff's state law claims turn on a substantial question of federal law. Furthermore, even if the Court could somehow construe the state law claims as requiring the resolution of a substantial question of federal law, it is not clear that the arrangement between the VA and Rowan resulted in the withholding of Plaintiff's degree. Thus, any question of VA benefits is not 'essential' to his state law claims, as required for § 1331 jurisdiction.").

Finally, "[s]ome claims are 'so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy.'" *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1007 (5th Cir. 2019) (quoting *Oneida Indian Nation of N.Y. v. Oneida Cnty.*, 414 U.S. 661, 666 (1974)). "[A] complaint that alleges the existence of a frivolous or insubstantial federal question is not sufficient to establish jurisdiction in a federal court." *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A Mar. 1981) (citing *Olivares v. Martin*, 555 F.2d 1192, 1195 (5th Cir. 1977); *Hagans v. Levine*, 415 U.S. 528, 538-39 (1974)); *see also Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 342 (5th Cir. 1977) (a claim "must be more than frivolous to support federal question jurisdiction").

"Determining whether a claim is 'wholly insubstantial and frivolous' requires asking whether it is 'obviously without merit' or whether the claim's 'unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject.'" *Atakapa*, 943 F.3d at 1007 (quoting *Southpark Square*, 565 F.2d at 342).

Gardner's claims qualify as wholly insubstantial. For example, in her submission to show that the Court has subject jurisdiction, she alleges that "[t]he amended complaint should reflect" that the proper defendants are the United States Government, for its "allow[ing] continued harassment of innocent people like those who destroyed the Capitol and killed George Floyd and other innocent persons"; the Grand Prairie Police Department, because officers took Gardner into "custody civil rights violations to mental health facility"; a Kroger pharmacist, who "took kick back from improper distribution of controlled substance"; FedEx, for "deliberate[ly] refus[ing] to perform timely services from locations serving the Grand Prairie, TX area"; the John Peter Smith Hospital Trinity Springs Mental Health Pavilion, because it "would not allow [Gardner] to contact patient advocate nor Medicare insurance violating requirements ordered by the government"; and Walmart Corporation, which "allowed food that has been altered to be sold to customers causing severe health issues like date rape products." Dkt. No. 18 at 4-5 (cleaned up).

## Recommendation

The Court should dismiss this case for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 10, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE